LOVELAND, Appellant, v. KITTERMAN, Respondent.

(183 N. W. 128.)

(File No. 4830.    Opinion filed June 2, 1921.)

**Sales—Retail Druggists, General Sales Agent in Charge, Purchase of Piano by Re Advertising Voting Contest, Non-Authority of Agent—Rule Stated**

Where, in absence of a retail druggist, his agent in charge with power to carry on the business, but with no special authority to enter into the purchase involved, contracted in his principal's name with plaintiff for purchase of a piano and certain printed matter appropriate to be used in a so-called voting contest, which contract in consideration of purchase of said goods, purported to obligate defendant druggist to carry on such voting contest, plaintiff thereunder guaranteeing a certain increase of defendant's business as a result of such contest; held, that while one dealing with a general agent may assume he is authorized to perform on behalf of his principal, all such acts as conform to ordinary business usages and to the nature of the particular business, yet he is bound to know that even such agent has no authority to depart from the usual manner of accomplishing that which he has been employed to accomplish; such agent being bound to conform his acts to what was usual and customary in the particular business under his charge; and said agent was not authorized to make said purchase; such property not being intendeod as part of defendant's stock, and such purchase being solely designed as an advertising scheme out of the ordinary.

Appeal from County Court of Charles Mix County.    Hon. J. H. Exon, Judge.

Action by Theodore O. Loveland and another, co-partners under the firm name and style of Brenard Mfg. Company, against A. L. Kitterman, to recover the selling price of a piano and certain printed matter alleged to have been sold by plaintiffs to

defendant. From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal. Affirmed.

*A. B. Beck,* for Appellant.

*J. E. Tipton,* for Respondent.

Appellants cited: Aldrich et al., v. Wilmarth, 3 S. D. 523; Sec. 3977, Comp. Laws 1887. Eagle Bank v. Smith (Conn.) 13 Am. Dec. 37.

WHITING, J. Plaintiffs sue to recover the selling price of a piano and certain printed matter alleged to have been sold to defendant. The cause is before us upon an appeal from a judgment for defendant. The sole question for our consideration is whether the findings of fact support the trial court's conclusion that the person who purchased the goods was not vested with authority to bind defendant by such purchase.

It appears that defendant was engaged in the retail drug business at Geddes, S. D.; that, at the time of the transaction in question, he was absent from South Dakota; and that his drug business was in the charge of and conducted by a person fully clothed with the powers of a general agent with power, as such, to carry on such business, but with no special authority to enter into this particular transaction. This agent, purporting to act in the name of his principal, entered into a written contract wherein he purchased the piano and a lot of printed matter appropriate to be used in what is termed a voting contest. Under the contract, this piano was to be used with the printed matter in such voting contest—undoubtedly it was the prize to be given to the winning contestant. In consideration of the purchase of such piano and printed matter and of the purchaser's agreement to carry on such voting contest in accordance with the plans outlined by plaintiffs, plaintiffs virtually guaranteed a certain increase of defendant's business as the result of such voting contest.

[1, 2] It is well established that the acts of a general agent in charge of his principal's business govern his principal in all matters coming within the proper and legitimate scope of the business to be transacted; but the authority of even a general agent is not unlimited, and, while one dealing with the general agent is justified in assuming that such agent is authorized to perform, on behalf of his principal, all such acts as conform to

ordinary business usages and to the nature of the particular business, yet he is bound to know that even a general agent has no authority to depart from the usual manner of accomplishing that which he has been employed to accomplish. This general agent was bound to conform his acts to that which was usual and customary in the particular line of business placed under his charge. 21 R. C. L. 856; 2 C. J. 643; Clark & Skyles Law of Agency, § 203; Mechem on Agency (2d Ed.) § 740. It is clear that, in the absence of special authority, this general agent, although in charge of this business, was wholly without authority to bind his principal by the contract in question; the property purchased was not intended as a part of the stock of goods offered for sale in defendant's store, and was solely designed for use in an advertising scheme entirely out of the ordinary.

The judgment appealed from is affirmed.